**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOTMAN-EFENDY SIMBOLON,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71438

Agency No. A078-020-312

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Hotman-Efendy Simbolon, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen/reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the BIA's denial of a motion to reopen or reconsider.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

The only argument Simbolon raised in his motion was reexamination of his eligibility for asylum and withholding of removal, based on a pattern or practice of persecution against Christians in Indonesia, in light of *Mufied v. Mukasey*, 508 F.3d 88 (2nd Cir. 2007). Accordingly, we lack jurisdiction to review Simbolon's contentions regarding the one-year bar and disfavored group analysis. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

In addition, we decline to consider the 2010 religious freedom report Simbolon references in his opening brief because our review is limited to the administrative record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). In light of this conclusion, we reject as unnecessary the government's request to strike the portions of Simbolon's opening brief that rely on the 2010 religious freedom report.

Finally, we reject Simbolon's requests that the court reconsider its stance regarding a pattern or practice of persecution or require the agency to revisit the issue in light of recent reports.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

10-71438